FORM 104 (10/06)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br><br>(Court Use Only) |
|---|---|
| **PLAINTIFF**<br>Janice G. Marsh, Trustee<br>Janice G. Marsh, LLC<br>446 Main Street, 19th Floor<br>Worcester, MA  01608<br>Telephone 508-797-5500<br>janicemarsh1@gmail.com | **DEFENDANT**<br>Cornerstone Premium Builders LLC |
| **ATTORNEY** (Firm Name, Address and Telephone No.)<br>Janice G. Marsh<br>Janice G. Marsh, LLC<br>446 Main Street, 19th Floor<br>Worcester, MA  01608<br>Telephone 508-797-5500<br>janicemarsh1@gmail.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ US Trustee<br>☐ Creditor    ☐ Other<br>X Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ US Trustee<br>☐ Creditor    X Other<br>☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) Declaratory judgment that there was a de facto merger of the debtor and the defendant, the defendant is the alter ego of the debtor, the defendant is successor in interest to the debtor, and the defendant is liable for the liabilities of the debtor ||
| **NATURE OF SUIT**<br>(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause of action as 2, second alternative cause of action as 3, etc.) ||
| FRBP 7001(1) – Recovery of Money/Property<br><br>☐ 11 – Recovery of money/property - § 542 turnover of property<br>☐ 12 – Recovery of money/property - § 547 preference<br>☐ 13 – Recovery of money/property - § 548 fraudulent transfer<br>☐ 14 – Recovery of money/property – other<br><br>FRBP 7001(2) – Validity, Priority or Extent of Lien<br><br>☐ 21 – Validity, priority or extent of lien or other interest in property<br><br>FRBP 7001(3) – Approval of Sale of Property<br><br>☐ 31 – Approval of sale of property of estate and of a co-owner - § 363(h) | ☐ 67 – Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny<br>☐ 61 – Dischargeability - § 523(a)(5), domestic support<br>☐ 68 – Dischargeability - § 523(a)(6), willful and malicious injury<br>☐ 63 – Dischargeability - § 523(a)(8), student loan<br>☐ 64 – Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)<br>☐ 65 – Dischargeability – other<br><br>**FRBP 7001(7) – Injunctive Relief**<br>☐ 71 – Injunctive relief – reinstatement of stay<br>☐ 72 – Injunctive relief – other<br><br>FRBP 7001(8) Subordination of Claim or Interest<br><br>☐ 81 – Subordination of claim or interest |

| | |
|---|---|
| FRBP 7001(4) – Objection/Revocation of Discharge<br>☐ 41 – Objection/revocation of discharge - § 727(c), (d), (e)<br><br>FRBP 7001(5) – Revocation of Confirmation<br>☐ 51 – Revocation of confirmation<br><br>**FRBP 7001(6) – Dischargeability**<br>☐ 66 – Dischargeability - § 523(a)(1), (14), (14A), priority tax claims<br>☐ 62 – Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud | **FRBP 7001(9) Declaratory Judgment**<br>X 91 – Declaratory judgment<br><br>FRBP 7001(10) Determination of Removed Action<br>☐ 01 – Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case – 15 U.S.C. § 78aaa *et seq.*<br>☐ 02 – Other (e.g., other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand |
| Other Relief Sought     Equitable | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>J & J Developers, LLC | BANKRUPTCY CASE NO.<br>15-41387 ||
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISIONAL OFFICE<br>Central | NAME OF JUDGE<br><br>Christopher J. Panos |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| | |
|---|---|
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
| DATE<br>July 19, 2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  /s/ Janice G. Marsh |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:  J & J Developers, LLC            Chapter 7, Case No. 15-41387-CJP

    Janice G. Marsh, Trustee,
        Plaintiff,

v.                                       Adv. Proc. No. 17-

    Cornerstone Premium Builders, LLC,
        Defendant

## COMPLAINT

1. The court has jurisdiction pursuant to 28 U.S.C. sections 157 and 1334.

2. The plaintiff and the defendant consent to entry of final orders or judgments by the bankruptcy judge in this proceeding.

3. Janice G. Marsh is the trustee and plaintiff of the above-captioned bankruptcy estate.

4. The defendant, Cornerstone Premium Builders, LLC ("Cornerstone"), is a limited liability company organized under the laws of the Commonwealth of Massachusetts and with a principal place of business located at 23 Upton Street, Peabody, MA 01960.

5. On April 13, 2007, the debtor, J & J Developers, LLC, was organized in Massachusetts.

6. Upon informant and belief, James N. Alden, Jr. ("Alden") and John Tracy ("Tracy") organized the debtor, and they were the 50/50 managers and partners from the date of the organization of the debtor until the dissolution of the debtor.

7. The debtor was engaged in the business of residential construction, IRS business code no. 236110.

8. The principal place of business of the debtor was 29 Whipple Road, Billerica, MA 01821.

9. On March 27, 2009, Lynne Black and Jose A. Nunes, wife and husband ("Black and Nunes"), filed a lawsuit in Essex Superior Court, case no. 0977CV00574, against the debtor for alleged breach of contract arising from a construction dispute.

10. On May 30, 2012, an arbitrator awarded Black and Nunes the sum of $56,794.62 for damages, plus interest and costs, against the debtor ("Arbitration Award").

11. On November 26, 2013, the Essex Superior Court entered an order confirming the Arbitration Award for damages in the amount of $56,794.62 plus interest thereon from March 27, 2009, to November 26, 2013, in the amount of $31,836.39 and their costs.

12. As of January 1, 2013, the debtor had total assets of $222,530, consisting of cash of $26,027 and $196,503 in construction in progress; as of December 31, 2013, zero assets.

13. During 2013, the debtor ceased its business.

14. During 2014, the debtor disposed of tools and "staging" in the amount of $11,120.

15. On July 20, 2015, the debtor commenced this case.

16. The debtor's Schedules A and B show no assets.

17. The debtor's schedules show total liabilities, on Schedule F, in the amount of $60,057.48, of which $45,768.40 is the Arbitration Award in favor of Black and Nunes and $11,026.22 is attorney fees awarded to Thomas J. Delaney, Esq., the attorney representing Black and Nunes in the lawsuit, also part of the Arbitration Award.

18. On June 30, 2016, the debtor was dissolved by order of the Secretary of the Commonwealth.

19. On October 16, 2013, the defendant Cornerstone was organized in Massachusetts.

20. The defendant Cornerstone is engaged in the business of residential construction, IRS business code no. 236110.

21. Upon informant and belief, Alden and Tracy organized the defendant Cornerstone, and they were the 50/50 managers and partners from the date of the organization of Cornerstone until April 27, 2017.

22. On April 27, 2017, Alden and Michael P. Harrington became the 50/50 managers and partners of the defendant Cornerstone.

23. Upon information and belief, the principal place of business of the defendant Cornerstone was 29 Whipple Road, Billerica, MA  01821, until on or about April 27, 2017, at which time the location was changed to 23 Upton Street, Peabody, MA  01960.

24. Between October 16 and December 31, 2013, the defendant Cornerstone's ordinary business income was $16,505; for 2014, $87,755.

25. Upon information and belief, assets of the debtor were transferred to the defendant Cornerstone.

26. There was a de facto merger or consolidation of the debtor and the defendant Cornerstone.

27. The defendant Cornerstone is a mere continuation of the debtor.

28. The merger or consolidation was a fraudulent effort to avoid liabilities of the debtor, primarily the liabilities resulting from the Arbitration Award.

29. At all relevant times, there has been a continuation of the debtor, specifically, continuation of management; personnel; physical location; assets; general business operations; and ownership until April 27, 2017.

30. There is substantial identity of management, business purpose, operation, equipment, supervision and ownership between the debtor and the defendant Cornerstone.

31. The defendant Cornerstone is an alter ego of the debtor.

32. The defendant Cornerstone is successor in interest to the debtor.

33. The defendant Cornerstone should be liable for the liabilities of the debtor.

WHEREFORE, the plaintiff, Janice G. Marsh, the trustee, requests the court

A. Enter a declaratory judgment in favor of the trustee and against the defendant Cornerstone Premium Builders, LLC, providing that there was a de facto merger of the debtor, J & J Developers, LLC, and the defendant, Cornerstone Premium Builders, LLC; the defendant is the alter ego of the debtor; the defendant is successor in interest to the debtor; and the defendant is liable for the liabilities of the debtor; and

B. grant all other relief to which the trustee is entitled.

Respectfully Submitted,

/s/ Janice G. Marsh
Janice G. Marsh, Trustee
Janice G. Marsh, LLC
446 Main Street, 19th Floor
Worcester, MA  01608
Telephone 508-797-5500
janicemarsh1@gmail.com
BBO No. 638575